495 P.2d 1073

STATE of New Mexico ex rel. Albert DEL-
GADO and Robert Delgado, Petitioners,

v.

The Honorable Richard A. STANLEY, Dis-
trict Judge of the Twelfth Judicial
District, Respondent.

No. 9436.

Supreme Court of New Mexico.

April 14, 1972.

James G. Huber, Alamogordo, for peti-
tioners.

Norman D. Bloom, Jr., Dist. Atty., Ala-
mogordo, for respondent.

OPINION

STEPHENSON, Justice.

Petitioners in this original prohibition
proceeding seek a writ prohibiting the trial
judge from proceeding further in an Otero
County District Court criminal proceeding
in which they are defendants.

Petitioners assert that the case must be
dismissed with prejudice pursuant to § 41-
11-4.1, N.M.S.A., 1953 and Rule 95 of the
Rules of Civil Procedure [§ 21-1-1(95),
N.M.S.A., 1953 (1971 Pocket Supp.)]..

The chronology of the petitioners' vicis-
situdes in Otero County is as follows:

August 19, 1971: Petitioners were arrested
for allegedly possessing heroin.

September 17, 1971: Following a prelimi-
nary hearing and bind-over in magis-
trate court, an information was filed
charging petitioners and others with
possession of heroin in violation of §
54-7-13, N.M.S.A., 1953.

October 5, 1971: The district attorney
filed a *nolle prosequi* as to each of the
petitioners.

January 7, 1972: Petitioners were rear-
rested on newly issued warrants
charging each of them with possession
of heroin. This was the same charge
on the same offense said to have oc-
curred on the same day, August 19,
1971, as that charged in the informa-
tion.

February 2, 1972: Petitioners were indict-
ed by the Otero County Grand Jury on
the same charge allegedly committed
on the same day, viz., August 19, 1971.

February 19, 1972: Six-month period com-
mencing with the date of petitioners'
first arrest expires, an event to which
petitioners seek to attach significance
by reason of provisions of § 41-11-4.1,
supra.

March 17, 1972: Six months from the date
of the filing of the original informa-
tion, an event to which petitioners seek
to tie commencement of the running of
Rule 95, supra.

The case, at the time of the filing of the petition for writ of prohibition, had not been tried, but was set for trial on March 22, 1972. No extension of time for the commencement of trial under either § 41–11–4.1, supra, or Rule 95, supra, has been sought or obtained by the State.

■ Petitioners take the position that the second prosecution, initiated by the indictment, is in truth but a continuation of the first, which was initiated by the filing of an information, and that for purposes of the statute, the time would have commenced running on August 19, 1971, and on September 17, 1971, so far as Rule 95, supra, is concerned.

■ We need not consider the statute. Under the doctrine of separation of powers, the matter of expediting the flow of criminal cases through the courts is a peculiarly judicial function. Rule 95, supra, covers the field on this behalf. See State v. Roy, 40 N.M. 397, 60 P.2d 646 (1936); State v. Arnold, 51 N.M. 311, 183 P.2d 845 (1947); and Southwest Underwriters v. Montoya, 80 N.M. 107, 452 P.2d 176 (1969).

Concerning the application of Rule 95, supra, it provides for the commencement of trial within six months of the date of filing of *the* information or indictment and for dismissal with prejudice in event trial does not commence within the six-month period or within the period of any extension granted as provided in the rule. We are here concerned with Otero County District Court case No. 3958—the proceeding initiated by indictment. The indictment was not filed until February 3, 1972, and dismissal would not be required, absent trial or extension, until six months from that date. Cause No. 3958 superceded and supplanted No. 3922—the proceeding initiated by information.

It appears that the indictments were obtained following the termination of the first cause as a result of newly obtained evidence which presumably came to light after the filing of the *nolle prosequi*. At least it is not asserted to the contrary, and counsel for petitioners, with commendable frankness, stated in open court that he did not assert that the procedure utilized by the State was followed for purposes of delay or to circumvent the operation of Rule 95, supra.

The petitioners do raise a troublesome point which causes us concern. Petitioners say that the State could easily circumvent the operation of Rule 95, supra, by filing *nolle prosequis* and later filing new information or procuring new indictments, taking the position that each time this occurred the time laid down by the rule would not commence to run until the filing of the latest charge. Such are not the facts of this case. Should such a course of procedure be pursued in other cases, we will know how to deal with it.

We recognize that in the prosecution of criminal cases, because of fluctuations in the stories of witnesses, the unavailability and subsequent reappearance of witnesses, because of newly discovered evidence or for any one of numerous other good and sufficient reasons, a criminal prosecution may be terminated and subsequently reinstituted. However, we recognize it is possible that a district attorney might follow such a course of procedure for delay or to circumvent the operation of Rule 95, supra.

In event a defendant in a criminal case should assert that such a course of procedure has been followed for delay or to circumvent the rule, either in a motion to dismiss under Rule 95(4), supra, or in a response in opposition to the State's petition for extension under Rule 95(3), supra, the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay defendant's trial beyond the six-month period, as it may have been extended, or to circumvent the operation of the rule. In event of failure of the State so to do, we would be inclined to look past the form to the substance and hold that the operative date which commenced the run-

ning of the period laid down in the rule was that on which the original indictment or information was filed.

The petition for prohibition will be denied.

It is so ordered.

COMPTON, C. J., and McMANUS, OMAN and MONTOYA, JJ., concur.