765 P.2d 194

**Harold David McKENZIE, Petitioner–Appellant,**

v.

**FIFTH JUDICIAL DISTRICT COURT, Respondent–Appellee.**

**No. 10704.**

Court of Appeals of New Mexico.

Oct. 4, 1988.

Certiorari Denied Dec. 1, 1988.

Harold David McKenzie, Santa Fe, pro se.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

ALARID, Judge.

Plaintiff appeals the report of the Lea County Grand Jury taking no action on the petitions presented by him to the grand jury. We determine that the report of a grand jury is not a final, appealable order, and we therefore dismiss the appeal.

A grand jury was convened in March 1988 in order to consider petitions filed by plaintiff alleging crimes of which he was the victim. After considering the allegations as set forth in the petition, the grand jury took no action. The grand jury was subsequently discharged. Plaintiff appealed to this court, claiming that the grand jury was biased, that the attorney general had conflicts of interest, and that other mistakes had been made in the proceedings before the grand jury.

Initially, we must determine whether this court has jurisdiction to hear such an appeal. The jurisdiction of the court of appeals is limited to appeals from final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights. N.M. Const. art. VI, § 29; NMSA 1978, § 39-3-2; *Thornton v. Gamble*, 101 N.M. 764, 688 P.2d 1268 (Ct.App.1984). A judgment is defined as "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the par-

ties to an action or suit therein litigated and, submitted to its determination." Black's Law Dictionary 977 (4th ed. 1968). An action is a judicial proceeding maintained and prosecuted in a court of justice to establish or protect a legal right or redress a wrong. *See generally* 1 Am. Jur.2d *Actions* §§ 1–4 (1962). A judgment contemplates an action between parties. *See Bralley v. City of Albuquerque,* 102 N.M. 715, 699 P.2d 646 (Ct.App.1985).

 The proceedings of a grand jury are not an action. No parties are involved and the proceedings are not initiated by the filing of a complaint, but by an order convening the grand jury. *Compare* SCRA 1986, 1–003 *with* NMSA 1978, § 31–6–1 (Repl.Pamp.1984). Moreover, a grand jury is not a court of justice. It is a body provided for by the New Mexico Constitution and by statute, whose function is to hear evidence on behalf of the prosecution and determine whether there is probable cause that a person committed a crime. *See Buzbee v. Donnelly,* 96 N.M. 692, 634 P.2d 1244 (1981). The grand jury does not hear both sides and does not choose between two adversaries. *Id.* at 696, 634 P.2d at 1248 (quoting *Cassell v. Texas,* 339 U.S. 282, 302, 70 S.Ct. 629, 639, 94 L.Ed. 839 (1950) (Jackson, J., dissenting)).

Since no parties are involved, and no facts are found nor issues of law decided by the grand jury, the report of the grand jury is not a judgment. Therefore, there is no final, appealable order within the meaning of the Constitution or the statute granting jurisdiction to this court.

Because there is no final, appealable order in this case, the appeal is dismissed. In view of this disposition, we do not act on the motions taken under advisement by this court's order of August 9, 1988.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.