943 P.2d 1064 (1997)
123 N.M 611
1997-NMCA-073
STATE of New Mexico, Plaintiff-Appellant,
v.
Paul Adrian BRULE, Defendant-Appellee.
No. 17412.
Court of Appeals of New Mexico.
June 25, 1997.
Certiorari Granted July 28, 1997.
*1065 Tom Udall, Attorney General, Steven S. Suttle, Ass't Attorney General, Albuquerque, for Appellant.
Jacquelyn Robins, Albuquerque, for Appellee.

OPINION
PICKARD, Judge.
1. Defendant was charged in metropolitan court with assault and battery. After plea negotiations, when Defendant insisted on his right to trial, the State filed a nolle prosequi on the charge and presented the matter to the Bernalillo County grand jury. Defendant was then indicted for false imprisonment, N.M.S.A. 1978, Section 30-4-3 (Repl.Pamp.1994), bribery of a witness, N.M.S.A. 1978, Section 30-24-3(A)(3) (Repl. Pamp.1994), and battery, N.M.S.A. 1978, Section 30-3-4 (Repl.Pamp.1994). After a hearing on Defendant's motion to dismiss, the trial court dismissed the prosecution based on prosecutorial vindictiveness.
2. On appeal, the State argues that the trial court's pretrial dismissal of the prosecution was an abuse of discretion. We conclude that it was not, and therefore we affirm.

BACKGROUND
3. On November 5, 1994, police were dispatched to a convenience store regarding a domestic dispute. There, an officer spoke to the alleged victim, Robin Brule, about an argument she had had with Defendant, her husband. According to the officer, she reported violent and threatening behavior by Defendant, including that he attempted to prevent her from leaving the room and from reporting the incident to police. The officer noted that the victim had red hand marks on her neck and was afraid of Defendant. As a result, the officer filed a criminal complaint of misdemeanor battery and misdemeanor assault in Bernalillo County Metropolitan Court.
4. The case was set for trial, but was continued on the prosecution's motion because the alleged victim was unavailable due to medical problems. Prior to the second trial setting on the misdemeanor charges, the *1066 alleged victim notified the metropolitan-court prosecutor that she did not want to continue with the prosecution because of the adverse impacts it would have on the parties' son and because the alleged victim did not perceive herself to be a victim of domestic violence. This perception was directly contrary to the district-court prosecutor's apparent attempt to pigeonhole this case into a typical one of a domestic violence victim enabling her habitually abusive husband to continue the abuse. Following the conversation, the alleged victim was under the impression that the charges would be dismissed. Indeed, the State later filed a nolle prosequi of the case. However, on April 26, 1995, the State referred the matter to the grand jury, which returned an indictment charging Defendant with more serious charges: false imprisonment, bribery of a witness, and battery.
5. Defendant filed a motion to dismiss on due process and double jeopardy grounds. At the hearing on the motion, Defendant presented evidence from two psychologists and the alleged victim. The State's position was that the evidence was irrelevant, but the court allowed Defendant a "very limited amount of time" to make his presentation. The State never indicated that it had any witnesses of its own to call in response to Defendant's motion. The psychologists offered the opinions that violence had not been part of the relationship between Defendant and the alleged victim, and that it was important that they be able to work together to parent their son. Ms. Brule testified about, among other things, the exaggerated nature of the original report of the incident given to police by a friend of hers (Ms. Brule herself did not call the police), the uniqueness of the incident in Ms. Brule's relationship with Defendant, the strain present in their relationship at that time, the potentially detrimental impact of continued prosecution on their ability to parent, and her efforts to get the charges against Defendant, her now ex-husband, dismissed. The State did not file a response to the motion or offer any evidence at the hearing.
6. The trial court orally commented at the conclusion of the testimony that there was no rational basis for the continued prosecution of the case and that the prosecution was not in the best interest of the victim, her son, or the people of New Mexico. The trial court found the prosecution vindictive and dismissed the case. The State noted for the record that the court did not allow argument before dismissing the case.
7. The State filed its notice of appeal, and this case was submitted fully briefed to this Court. Following oral argument, we remanded the case for the express purposes of allowing the State an opportunity to present argument, as well as allowing both parties to file requested findings of fact and conclusions of law and limited argument in the district court. This Court directed the trial court to enter written findings and conclusions or a written decision or both explaining the rationale behind its dismissal. Additionally, this Court directed that a supplemental record be filed and allowed the parties to file supplemental briefs.
8. On remand, the State presented no argument and offered no specific rationale for its charging decisions, although it did request a finding of fact that it did not increase the charges for retaliation. The trial court found that because Defendant chose not to plead guilty in Metropolitan Court, his case was presented to the grand jury. In addition, the trial court found the facts to be consistent with our recitation of the evidence above. The trial court also found that no explanation was offered by the State to justify its charging decisions, and therefore there was no evidence to rebut either a presumption of vindictiveness or evidence of actual vindictiveness.

STANDARD OF REVIEW
9. We review a trial court's dismissal on the basis of prosecutorial vindictiveness for abuse of discretion. See State v. Duncan, 117 N.M. 407, 409, 872 P.2d 380, 382 (Ct.App.1994). However, when a trial court has made findings of historical fact purporting to justify the exercise of that discretion, those findings are reviewed pursuant to the substantial evidence standard. See State v. Bolton, 122 N.M. 831, 835, 932 P.2d 1075, 1079 (Ct.App.1996). The guidelines of that standard are well known: the evidence is reviewed *1067 in the light most favorable to support the ruling below; the question is not whether the trial court could have reached a different result; we indulge in all inferences to support the result reached; and the possibility that different inferences could have been drawn from the facts does not compel a reversal. See State v. Anderson, 107 N.M. 165, 168, 754 P.2d 542, 545 (Ct.App.1988).

DISCUSSION
10. Prosecutors are granted broad discretion in making charging decisions. See, e.g., State v. Ogden, 118 N.M. 234, 240-41, 880 P.2d 845, 851-52 (1994). However, this discretion is not limitless. Even the United States Supreme Court's standard for prosecutorial discretion allows room for exceptions. "`[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985) (emphasis added) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). New Mexico law clearly makes prosecutorial vindictiveness or other bad motives an exception to unbridled prosecutorial discretion, see, e.g., Bolton, 122 N.M. at 834, 932 P.2d at 1078, and although federal cases may be cited in this opinion, we are deciding this case solely under New Mexico law, see State v. Breit, 122 N.M. 655, 664, 930 P.2d 792, 801 (1996).
11. New Mexico law holds that there is no pretrial presumption of prosecutorial vindictiveness. See State v. Stevens, 96 N.M. 627, 630, 633 P.2d 1225, 1228 (1981); Duncan, 117 N.M. at 411, 872 P.2d at 384. Although the trial court in this case erroneously found a pretrial presumption, there were other findings sufficient to support its decision. See State ex rel. Martinez v. Lewis, 116 N.M. 194, 206, 861 P.2d 235, 247 (Ct.App.1993) (holding that a case should be affirmed despite some error in findings if there is support for the result in other findings).
12. A defendant can present evidence of actual prosecutorial vindictiveness at the pretrial stage and request relief from the court. See Stevens, 96 N.M. at 630-31, 633 P.2d at 1228-29. Under State ex rel. Delgado v. Stanley, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972), the general rule of prosecutorial discretion allows defendants to raise the issue of prosecutorial bad motives by making an appropriate showing. Once this challenge is raised, the State bears the burden of demonstrating the bona fides of its procedure. Bolton, 122 N.M. at 833, 932 P.2d at 1077.
13. Defendant raised the issue of prosecutorial vindictiveness by filing a motion to dismiss. At the motion hearing, Defendant presented testimony from the alleged victim and from mental health professionals. This testimony addressed, among other things, the tension in the relationship between Defendant and the alleged victim at the time, the uniqueness of the incident, alleged exaggeration of the event to the police, the fact that the marital relationship had since ended, the fact that the victim did not want the prosecution to continue, the fact that continued prosecution would be detrimental to this family, and the prosecutor's deceptive treatment of the alleged victim.
14. Although the State's decision to pursue multiple felony charges after filing a nolle prosequi on the initial misdemeanor battery charge would not by itself raise a due process issue, see Duncan, 117 N.M. at 411, 872 P.2d at 384, given the other evidence in this case, it could have reasonably raised suspicions on the part of the trial court. Considering the evidence presented and the standard of review, we hold that Defendant established through his witnesses a prima facie case of actual vindictiveness, at which point it was incumbent on the State to come forward with an explanation for its charging decision and continued prosecution. The State did not do so in response to the filing of the motion, or at the hearing, or as part of its presentation on remand.
15. To the extent that the State argues that it was prevented from being heard by the trial court at the first hearing, that potential error was remedied by this Court's invitation to the State to present argument in support of its decisions on remand. We can only conclude that the State has deliberately *1068 chosen not to offer the rationale behind its otherwise apparently unsupported decision to augment the charges against Defendant.
16. The State appears to take the position that courts have no business inquiring into its motives under the circumstances of this case. We disagree. The trial court has a duty to intervene when prosecutors have bad reasons for their actions. Bolton, 122 N.M. at 832, 932 P.2d at 1076. We apply Bolton to the facts of this case and hold that the lack of explanation, while not a bad reason per se, permitted the trial court to infer a bad reason where no indication of a good reason existed.
17. The dissent claims that the State took advantage of the opportunity presented by this appeal to explain "what the district court surely must have known below." But the explanation on appeal was not an explanation of what the prosecutor's actual motives were; it was merely an explanation of what might have been legitimate motives. In addition, it is not for us as an appellate court to find the facts. See Blaze Constr. Co. v. Taxation & Revenue Dept., 118 N.M. 647, 653, 884 P.2d 803, 809 (1994). The explanation should have been made to the proper fact finder, the trial court, which would have then been in a position to determine whether the inference of vindictiveness was outweighed by a showing of bona fides.
18. The prosecutorial role is to pursue a charging pattern that reconciles the community interest in proper enforcement of the law and the interest, shared by the community and the defendant, in fairness to the defendant. See State v. Altgilbers, 109 N.M. 453, 466, 786 P.2d 680, 693 (Ct.App.1989). Given the facts of this case, the trial court reasonably found that continued prosecution would not serve the interests of the victim, the child of the victim and Defendant, or the community, and appeared to be motivated by retaliation against both an uncooperative Defendant and an uncooperative victim. In short, continued prosecution of Defendant appeared pointless from the standpoint of reasons usually offered in support of prosecution, although, to be sure, there was evidence to support the charges and thus probable cause is not an issue. In these circumstances and without explanation by the State, we cannot say that the trial court erred in finding a charging decision that levied an improper "penalty," rather than a charging decision that reflects "the prosecutor's normal assessment of the societal interest in prosecution." See United States v. Goodwin, 457 U.S. 368, 380 n. 11, 102 S.Ct. 2485, 2492 n. 11, 73 L.Ed.2d 74 (1982). Finally, although we acknowledge that good reasons for the State's decision are conceivable, it is not our role to invent these reasons for the purpose of reversing when the State has chosen not to rely on them. See Lewis, 116 N.M. at 206, 207, 861 P.2d at 247, 248 (burden is on appellant to show how trial court clearly erred; burden is not on trial court or appellee to show why a decision is right); Hall v. Hall, 114 N.M. 378, 384, 838 P.2d 995, 1001 (Ct.App.1992) (presumption of regularity prevents appellate court from asserting contentions on behalf of appellant).

CONCLUSION
19. Therefore, we hold that Defendant adequately raised the question of prosecutorial vindictiveness and established facts from which the trial court could infer actual vindictiveness, which warranted an explanation from the State. Absent this explanation, and given the fact that this Court afforded the State ample opportunity to explain itself, we hold that, under the peculiar facts of this case, the district court acted within its discretion in dismissing the prosecution. Moreover, we are confident in the good judgment of our district courts that this opinion will be interpreted in a narrow and sensible manner so that it will not turn out to be the nightmare predicted by the dissent. Accordingly, we affirm.
20. IT IS SO ORDERED.
BUSTAMANTE, J., concurs.
BOSSON, J., dissenting.
BOSSON, Judge, dissenting.
21. With regret, I must dissent from the opinion of the majority. I fear this Court has leaned over too far to affirm an action by *1069 the district court which, in my judgment, is not only misguided but poses a clear and present danger to the constitutional authority of the district attorney. See N.M. Const. art. VI, § 24.
22. The appropriate measure under which a claim of prosecutorial vindictiveness should be assessed was established by the New Mexico Supreme Court in State v. Stevens, 96 N.M. 627, 633 P.2d 1225 (1981), and followed by this Court in State v. Lujan, 103 N.M. 667, 712 P.2d 13 (Ct.App.1985), and State v. Duncan, 117 N.M. 407, 872 P.2d 380 (Ct.App.1994). A claim for prosecutorial vindictiveness arises when a defendant asserts that the actions of the prosecutor have violated defendant's due process rights to a fair trial. Lujan, 103 N.M. at 673, 712 P.2d at 19. An essential element of prosecutorial vindictiveness is improper retaliatory conduct against the accused for exercising a protected right. See id. The purpose of the doctrine is to balance the competing interests of the prosecutor, in deciding whether to indict and what charges to file, with those of the defendant in exercising constitutional and procedural rights without fear of retaliation. Bennett L. Gershman, Prosecutorial Misconduct §4.4 (1996); see Stevens, 96 N.M. at 630, 633 P.2d at 1228; Duncan, 117 N.M. at 411, 872 P.2d at 384; Lujan 103 N.M. at 673, 712 P.2d at 19.
23. In Stevens, our Supreme Court rejected a presumption of vindictiveness at the pretrial level of criminal proceedings. 96 N.M. at 630, 633 P.2d at 1228. In making its decision, Stevens observed that the United States Supreme Court had refused to extend such a presumption to pretrial proceedings. Id. Since Stevens, the United States Supreme Court has declined to apply a presumption of vindictiveness to two pretrial situations: the decision to charge and the negotiation of plea bargains. In a case factually similar to ours, the Supreme Court held that a presumption of vindictiveness did not apply when a defendant declined to plead guilty to misdemeanor charges in order to exercise his right to a jury trial and a different prosecutor then dismissed the misdemeanors and obtained a felony indictment. See United States v. Goodwin, 457 U.S. 368, 382-84, 102 S.Ct. 2485, 2493-94, 73 L.Ed.2d 74 (1982). The Court stated:
There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized.
Id. at 381, 102 S.Ct. at 2492-93. Previously, in the context of plea bargaining, the Supreme Court had determined that the presumption did not apply when a prosecutor sought more serious charges after a defendant had rejected a plea bargain, provided there was probable cause for those charges. Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 667-68, 54 L.Ed.2d 604 (1978). The New Mexico Court of Appeals noted in Duncan that "`virtually every court that has reviewed claims of vindictiveness in a pretrial plea bargaining context has rejected the claim.'" Duncan, 117 N.M. at 411, 872 P.2d at 384 (quoting Gershman, supra, § 4.4(b)(1)(A) and citing to Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74).
24. Without a presumption of vindictiveness at the pretrial stage, a defendant making a vindictive prosecution claim "must shoulder the burden of proof and must demonstrate that the state's charging decision was motivated by a desire to punish defendant for having exercised a legal right." Lujan, 103 N.M. at 673, 712 P.2d at 19. The question to be determined in this case is whether Mr. Brule ever established vindictiveness by demonstrating that the district attorney had impermissibly retaliated against him out of a desire to punish him for exercising his right to reject a plea agreement and enter a plea of not guilty.
25. The facts behind this motion were brought forth at the hearing on the motion to dismiss. Defendant produced three witnesses: his wife, their marriage counselor, and the child psychologist treating the couple's three-year-old son. Both the district *1070 attorney and the district court questioned the relevance of the latter two witnesses to the issue of prosecutorial vindictiveness. The therapists testified that during the course of their counseling relationships with the family, they had seen no evidence of domestic violence. Ms. Brule testified as to her efforts to have the district attorney's office drop the charges against her husband. The district court did not allow argument from the district attorney.
26. The court's inquiry was limited; only witnesses for the defense testified. Two of those witnesses had no direct evidence to offer on the events that led to the charges; only the wife had direct knowledge of the events. Ms. Brule did not recant, but instead ratified the truth of her testimony before the grand jury. After forbidding the district attorney to argue, the court subsequently found that continued prosecution was "pointless" and was "contrary to basic common sense." At the conclusion of the motion hearing, the district judge made the following summation:
In looking at the evidence that I have seen before me, I am finding today that there is no rational basis for continued prosecution in this case. Because I find no rational basis for said prosecution, I am finding that the prosecution is neither in the best interest of Robin Brule, her son, Michael, or even in the best interests of the people of the State of New Mexico. If none of those interests are met, then the prosecution becomes vindictive at some level. I make that finding today, order the case be dismissed. Any question, Ms. Robins?
MS. ROBINS: No, your Honor.
THE COURT: Mr. Tourek, you have remedies that you can seek.
MR. TOUREK: I'd just like to note, for the record, the Court did not allow argument and it is dismissing this
THE COURT: I am, sir. I don't think there's a case here.... I think this is an example of extremely poor judgment on the part of the State [and] when the judgment is so bad, it becomes a disservice to citizens of this State, then the prosecution becomes vindictive. Thank you.
27. Note that the court makes no mention of retaliation. Yet, as we noted earlier, the essence of prosecutorial vindictiveness is that the state has retaliated against a defendant for the exercise of a protected right. In this case, the prosecution is guilty of "extremely poor judgment" in continuing a prosecution that, in the court's opinion, is not in the best interests of the parties or the people of New Mexico. That action, to the district court, "becomes vindictive at some level."
28. The district court's findings are replete with references to the district attorney's supposed insensitivity to and disregard of Ms. Brule's wishes and the perceived needs of this particular family. The majority opines that this alleged attitude on the part of the prosecutor can form a basis for an inference of retaliatory conduct against an uncooperative defendant and an uncooperative victim. I disagree. As the Supreme Court observed in Goodwin, discussing the rationale for not imposing a pretrial presumption of vindictiveness, "a defendant before trial is expected to invoke procedural rights that inevitably impose some `burden' on the prosecutor.... The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates." 457 U.S. at 381, 102 S.Ct. at 2493. There is nothing to suggest that what Defendant did hereplead not guiltywas so remarkable as to give rise to an inference of vindictiveness. Moreover, there is no legal requirement that a prosecutor display a cooperative attitude toward a defendant; they are adversaries.
29. There was no actual evidence in this case of retaliatory vindictiveness by the prosecutor toward Defendant. Defendant failed to carry the burden of showing that the prosecutor acted vindictively and that this case went to the grand jury for any other reason than the prosecutor decided that the facts merited higher charges. No evidence was presented that the district attorney brought additional charges unsupported by the evidence or charges of doubtful merit. As Defendant acknowledged, the routine actions taken against himfiling misdemeanor charges, dismissing them with a nolle prosequi, and then taking felony charges to the *1071 grand jurywould not support either a presumption of vindictiveness or an inference of actual vindictiveness.
30. The district court's focus is instead directed toward the treatment accorded the wife by the prosecutors, including suggestions of misrepresentation ("It was Ms. Brule's impression that the case would be dismissed as a result of that conversation.") and threats ("She was told she would be arrested if she did not testify before the Grand Jury."). Again, these allegations are insufficient to support a claim of pretrial vindictiveness. The district court never found that the district attorney lied to the victim about dismissal, and the district attorney certainly never promised not to file new charges after reassessing the evidence. Moreover, witnesses who ignore subpoenas may face criminal penalties just as the prosecutor advised Ms. Brule. See NMSA 1978, § 31-6-12(A) (Repl.Pamp.1984) (subpoena power of grand jury); Rule 1-045(F) NMRA 1997 (failure to obey a subpoena may be deemed contempt). Finally, it is uncertain to me whether a claim of prosecutorial vindictiveness can be sustained based on the interactions between the prosecutor and a victim, Ms. Brule, as opposed to the prosecutor and the accused. Neither Defendant nor the majority has directed our attention to any cases in support of such a proposition.
31. More importantly, it is the district attorney who is elected by the people of this state to decide this very question of what charges to bring and what people to prosecute in the best interest of the people of the State of New Mexico. As long as probable cause exists to believe an offense has been committed, it is properly within the prosecutor's discretion as to what charges to bring. Bordenkircher, 434 U.S. at 364, 98 S.Ct. at 668-69.
32. What the district court appears to be doing, now supported by the majority opinion, is forcing the district attorney to prove its innocence. The district attorney must now show the absence of retaliatory conduct by demonstrating probable cause for continued prosecution. There are two things wrong with this. First, it seems to me no different from imposing a presumption of vindictiveness on a pretrial stage which our Supreme Court has already rejected for good reasons in Stevens. There may be a semantical distinction between that and the "inference" of retaliatory motive offered in the majority opinion, but I fail to see it. And I suspect the district attorney will be equally perplexed.
33. The second problem with forcing the district attorney to prove absence of retaliatory conduct by demonstrating probable cause, is that determination of probable cause is the job of the grand jury, not the district judge. See N.M. Const. art. II, § 14. The majority opinion does not discuss the role of the grand jury in the case below. As the Supreme Court stated in Stevens, 96 N.M. at 631, 633 P.2d at 1229, and this Court stated in Lujan, 103 N.M. at 673, 712 P.2d at 19, the grand jury has traditionally afforded protection to defendants against improper prosecutorial activity. There was no showing in Stevens, Lujan, or in this case, that the grand jury failed to protect the rights of the accused or that its deliberations were somehow contaminated by prosecutorial misconduct.
34. The grand jury found probable cause based upon the victim's own testimony which she later reaffirmed before the district court. A district court may not go behind an indictment, duly returned and regular on its face, to test the sufficiency of the evidence. See State v. Masters, 99 N.M. 58, 60, 653 P.2d 889, 891 (Ct.App.1982) (New Mexico law prohibits district court review of the sufficiency of the evidence to indict); see also Buzbee v. Donnelly, 96 N.M. 692, 706, 634 P.2d 1244, 1258 (1981) (opening up indictments for challenge would be an intrusion into the separate provinces of the constitutionally independent offices of the grand jury and the prosecutor); State v. Chance, 29 N.M. 34, 37, 221 P. 183, 184 (1923) (in absence of statutory authority the courts are without power to look behind an indictment, duly returned into court and regular upon its face). This Court should not allow the district court to do indirectly what it cannot do directlysecond guess the grand jury in the guise of assessing supposed retaliatory conduct. As this Court has stated, "dismissal of an indictment for prosecutorial *1072 misconduct is an extraordinary remedy to be granted cautiously to avoid judicial encroachment upon the historically independent function of the grand jury." State v. Juarez, 109 N.M. 764, 769, 790 P.2d 1045, 1050 (Ct.App.1990).
35. As previously noted, ever since Stevens, our courts have shielded the prosecution from the burden of justifying charging decisions in the context of pretrial plea bargain. 96 N.M. at 630, 633 P.2d at 1228. In Stevens, our Supreme Court explained its reasons for rejecting a presumption of vindictiveness at the pretrial stage, including dismissal and refiling of charges, by stating:
We do not find at the pretrial stage the type of motivation sufficient to presume vindictiveness. Imposition of a pretrial presumption of vindictiveness would interfere with proper prosecutorial discretion. Prosecutors would be required to justify actions properly taken as adversaries but which may appear vindictive, adding additional burdens to the criminal justice system.
Id.
36. Stevens reversed a Court of Appeals decision that had imposed a presumption of vindictiveness upon pretrial charging patterns rebuttable only if the prosecution came forward to explain itself. The Supreme Court's reversal was aimed at removing that very compulsion which the majority now places upon prosecuting attorneys to explain the merits of their cases. That has been the law ever since.
37. By imposing an obligation, for the first time, upon a district attorney to justify prosecutorial charging decisions in the pretrial context, the majority opinion alters the legal landscape. The majority opinion in effect subverts Stevens, reviving the holding reversed by our Supreme Court in that case. See State v. Stevens, 96 N.M. 753, 635 P.2d 308 (Ct.App.), rev'd, 96 N.M. 627, 633 P.2d 1225 (1981). In so doing, the majority opinion relies upon State v. Bolton, 122 N.M. 831, 932 P.2d 1075 (Ct.App.1996) and State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972), which are not prosecutorial vindictiveness cases; they involved prosecutorial misconduct with regard to improper manipulation of the six-month rule. Those cases provide no support for the burden the majority opinion newly imposes upon the prosecutor to explain the substance of its charging decisions and justify the grand jury determination of probable cause for an indictment.
38. The majority makes the prosecutor pay a heavy price for not justifying its charging decisions and rebutting any supposed inference of retaliation. As we previously noted, Defendant had the burden of establishing actual vindictiveness by showing "that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." Goodwin, 457 U.S. at 384, 102 S.Ct. at 2494. If Defendant had tendered evidence in support of his claim, then the burden would have shifted to the district attorney to justify its decision with "legitimate, articulable, objective reasons." United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir.1991). If a defendant does not meet this burden, as in this case, the district court does not need to address the issue of government justification. See id.
39. Moreover, even if it had been proper to require the prosecutor to explain, it is evident from the foregoing transcript that the district attorney never had a fair opportunity to explain his case to the district court below. Under the limited remand from this Court for the trial court to enter findings of fact and conclusions of law, the parties were permitted to file requested findings of fact and conclusions of law and to present argument to the trial court for the first time. In response, the district attorney submitted proposed findings of fact and conclusions of law, but made no additional argument. Although I do not believe that the prosecution was required to justify its actions because of Defendant's failure of proof on prosecutorial vindictiveness, it is unclear how they would have done so in any event. Neither the district court, in the motion hearing, nor this Court, in its remand, presented the state with an opportunity to present evidence to the fact finder.
40. On appeal, the State took advantage of its opportunity before this Court to explain *1073 what the district court surely must have known below, namely, that criminal complaints are filed by police officers in metropolitan court typically without input from the district attorney. See Rule 6-201 NMRA 1997. Later the district attorney may reevaluate the evidence and adjust the charges, including charging felonies. This proposition is totally unremarkable and self-evident, and, in my view, cuts away the majority's reliance upon the district attorney's supposed silence below. See Goodwin, 457 U.S. at 381, 102 S.Ct. at 2492-93 (because of the evolving nature of criminal prosecutions, prosecutors should be afforded broad latitude before trial to determine societal interest).
41. The majority opinion now opens the door to a prosecutor's nightmare. This is not the last time district attorneys will be compelled to justify their charging decisions in the face of allegations of being retaliatory and vindictive. In the hands of competent defense counsel, such motions may become commonplace. The prospect now looms of evidentiary mini-hearings, prosecutors becoming witnesses in their own cases, and delays caused by interlocutory appeals. In my view, the Stevens opinion predicted the very evils we are confronted with in this case, and Stevens settled the matter wisely.
42. They say that hard cases make bad law, and I think this is a clear instance. On the merits of this prosecution, I can understand a district judge wanting to intervene. If this opinion eventually is reversed and the matter remanded to the district court, I would hope that the district attorney makes a long, hard, and exacting analysis of its prosecutorial decisions. On the other hand, there are societal interests to be protected here that go beyond just the Brules. Criminal law, unlike other branches of the law, is designed to vindicate public rather than private interests. The prosecutor must assess the societal interest in prosecution. The New Mexico legislature recognizes the fact of violence in the family and, out of regard for societal concerns, has enacted special laws to protect the family and respond to violence. See NMSA 1978, §§ 40-13-1 to -7 (Repl. Pamp.1994 & Cum.Supp.1996) (Family Violence Protection Act); NMSA 1978, § 31-1-7 (Cum.Supp.1996) (Warrantless Arrest Act) (permitting a peace officer to arrest without a warrant if that officer has probable cause to believe that the person has committed an assault or a battery upon a family or household member). It is for the district attorney, however, to weigh the various interests involved and implement these laws. By their vote, the people have placed that responsibility in that office. We should allow the district attorney and the grand jury to do their jobs, free from the unintended consequences of good intentions.
43. In sum, our predecessors struck a wise and careful balance between the various offices and interests involved. That balance has been skewed by the majority opinion. I fear it will take renewed intervention by our Supreme Court to return the equation to proper balance.