1998 NMCA 158

*968 P.2d 328*

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Lowell AHASTEEN, Defendant–Appellee.**

No. 19029.

Court of Appeals of New Mexico.

July 30, 1998.

Certiorari Denied, No. 25,334, Oct. 14, 1998.

Tom Udall, Attorney General, Bill Primm, Ass't Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Susan Gibbs, Ass't Appellate Defender, Santa Fe, for Appellee.

## OPINION

PICKARD, J.

{1} The issue we decide today is whether the district court's order remanding Defendant's misdemeanor driving while intoxicated (DWI) trial to magistrate court is an order from which the State may appeal. We also discuss a prosecutor's discretion to file misdemeanor charges in either magistrate court or in district court and whether the limits placed upon that discretion were violated in this case. We hold that the district court's order effectively dismissed the charges and, under the doctrine of practical finality, this Court has jurisdiction to review the State's appeal. We also hold that the State made an adequate showing that it did not exhibit an improper motive in choosing to file this case in district court. Accordingly, we reverse.

## BACKGROUND

{2} At a DWI roadblock, Defendant was arrested and later charged with DWI, first offense, contrary to NMSA 1978, § 66-8-102(E) (1993). The State originally filed the charge against Defendant in magistrate court, and the case was assigned to Judge Gillson. At a pre-trial conference, Defendant challenged the legality of the roadblock and orally moved to suppress all evidence gathered against him at the stop. The day after the conference, the State dismissed without prejudice the charge against Defendant in magistrate court. Two weeks later, the State refiled the charge in district court.

{3} Thereafter, Defendant filed a motion to remand the case to magistrate court. Defendant argued that the local district attorney's office had an unwritten policy to charge all misdemeanor crimes in magistrate court. Defendant contended that the State had filed thousands of DWI charges in magistrate court and in only three cases in one particular year did the State choose to file DWI charges in district court. In each of those cases, the defendant challenged a roadblock. Defendant also argued that the prosecutor purposely dismissed the charges and refiled in district court because the case had been assigned to Judge Gillson in magistrate court. Defendant explained that in a different case, Judge Gillson had granted a defense motion to suppress evidence collected at a sobriety checkpoint. Defendant accused the prosecutor of forum shopping and also of denying Defendant his right to a trial de novo in district court.

{4} The prosecutor denied that he was forum shopping and stated that he moved the case to district court in order to avoid having to hold two hearings on the roadblock issue. The prosecutor also commented on defense tactics to challenge roadblocks in magistrate court and again in district court on appeal,

thus requiring a hearing in each court. This practice, the prosecutor ,explained, wasted resources, thereby forcing the State into offering plea bargains. Therefore, the prosecutor argued, because Defendant was entitled to an appeal de novo in district court, it was more economical to bring the case there in the first instance and to have the roadblock issue decided in one proceeding.

{5} The prosecutor also stated that he had the right to determine in which court to bring charges. The prosecutor noted that the district court had concurrent jurisdiction with the magistrate court over misdemeanors and that Defendant had no right to insist that his case be tried in magistrate court. Also, Defendant would not be prejudiced by having his case heard in district court because he could appeal an adverse decision to the Court of Appeals, the prosecutor argued.

{6} Defendant responded by urging the district court judge to look beyond the State's right to file charges in district court following a nolle prosequi in magistrate court and to rule that the prosecutor was engaging in impermissible forum shopping. At the conclusion of the hearing, the district court judge, without explanation, remanded the case to magistrate court.

DISCUSSION

{7} In our notice assigning this case to the general calendar, we asked the parties to discuss whether the order to remand is an appealable order, thus providing this Court with jurisdiction to hear the State's appeal. *See Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995) (stating that this Court can raise a jurisdictional issue sua sponte). Accordingly, as a threshold issue, we address whether the State's appeal is properly before this Court.

A. Jurisdiction

■ {8} Defendant argues that this Court does not have jurisdiction to hear the State's appeal because the order remanding the case to magistrate court is not a final, appealable order. On the other hand, the State argues that the district court's refusal to hear the case was in essence a dismissal of the charges from which the State can appeal under NMSA 1978, § 39-3-3(B)(1) (1972)

(providing that in a criminal case the State may appeal a district court order that dismisses a complaint, indictment, or information as to any one or more counts). The State explains that there is no provision by which the district court could remand the case to magistrate court after it had been dismissed in that forum. The State contends that we should apply the doctrine of practical finality and allow the appeal to proceed. We agree.

■ {9} Ordinarily, the State's appeals are limited by statute to decisions either suppressing evidence or dismissing one or more counts of the charging document. *See* § 39-3-3(B). However, our Constitution guarantees that the State may appeal "a disposition contrary to law." *See State v. Doe*, 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct. App.1980). Our determination of whether the remand order is in fact appealable must be informed by considerations of practical finality similar to those present in cases involving the statutory right to appeal in more routine cases.

■ {10} The general rule is that this Court's jurisdiction is limited to "appeals from final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights." *McKenzie v. Fifth Judicial Dist. Court*, 107 N.M. 778, 778, 765 P.2d 194, 194 (Ct.App. 1988); *see also High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 33, 888 P.2d 475, 479 (Ct.App.1994) (right to appeal is generally limited to final orders and judgments). A final order is commonly defined as an order that decides all issues of fact and law necessary to be determined or which completely disposes of the case to the extent the court had the power to dispose of it. *See B.L. Goldberg & Assoc., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). However, as our Supreme Court has acknowledged, this definition is not an "absolute, inflexible rule" but a general statement with various exceptions. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). Additionally, our law on the finality of judgments is clear that

the "the term 'finality' is to be given a practical, rather than a technical, construction." *Id.* In determining whether a judgment is final, our courts are instructed to look to the substance and effect of an order and not to its form. *See id.*

{11} In this case, it would be easy to rule that the district court's order remanding the case to magistrate court for trial is not a final order. Ordinarily, an order remanding a case for further proceedings in a lower court is not considered "final" for purposes of appeal. That is because the case has not ended; " '[i]t simply has gone to another forum and may well return again.' " *High Ridge Hinkle Joint Venture,* 119 N.M. at 34, 888 P.2d at 480 (quoting *Mall Properties, Inc. v. Marsh,* 841 F.2d 440, 441 (1st Cir.1988) (per curiam)). Allowing an appeal from an order of remand might encourage piecemeal appeals and appeals that would be rendered moot if we had allowed the lower court to address the matter. *See High Ridge Hinkle Joint Venture,* 119 N.M. at 34, 888 P.2d at 480. Moreover, a party dissatisfied with the results on remand can ordinarily obtain review of that decision in district court and ultimately in this Court. *Id.* That is, review of the district court's decision to remand " 'is not denied; it is simply delayed.' " *Id.* (quoting *Mall Properties, Inc.,* 841 F.2d at 443).

{12} Nonetheless, in this case, to delay the State's appeal may very well act to deny it. In *High Ridge Hinkle Joint Venture,* we specifically acknowledged that there is an exception to the general rule of finality when an order remanding a case would preclude a party from appealing a decision. *See id.* at 34, 888 P.2d at 480. "Under the doctrine of practical finality an appellate court will review a remand order if the issue raised on appeal would, as a practical matter, not be available for review after a decision on remand." *Id.*

{13} In this case, a trial on remand could result in a judgment of acquittal, which would preclude the State from appealing. *See* § 39–3–3(C). Additionally, even if Defendant is convicted, the State's ability to have this issue heard on appeal would be hampered because the issue may well be deemed moot or harmless at that time. Thus, we

should apply the doctrine of practical finality to allow the State to appeal the district court's order to remand. *See Bustamante v. C. De Baca,* 119 N.M. 739, 741, 895 P.2d 261, 263 (Ct.App.1995) (allowing appeal from order remanding case if an "appellant would effectively be precluded from a meaningful appeal by [the] Court's refusal to consider the appeal"); *Cox v. Municipal Boundary Comm'n,* 1998–NMCA–025, ¶ 12, 124 N.M. 709, 954 P.2d 1186 (if ability of party to obtain appellate review is completely dependent upon another party's decision, application of doctrine of practical finality is appropriate).

{14} Additionally, we disagree with Defendant's argument that the rules of district court or magistrate court allow the type of "remand" ordered in this case. What occurred in this case is very different from the situations cited by Defendant in which the rules have recognized the authority of a court to remand a case to a lower tribunal.

{15} There are several situations in which a district court can remand cases to magistrate court without "dismissing" the case and triggering the right to appeal. District courts can remand cases to magistrate court for a finding of probable cause to prosecute or remand to enforce a judgment following an appeal in district court. *See* Rule 5–302(E) NMRA 1998; Rule 6–703(P) NMRA 1998. Another situation is where a defendant raises the issue of his competency to stand trial and the case is transferred from magistrate court to district court for a hearing on that issue. *See* Rule 6–507 NMRA 1998. If the defendant is found competent to stand trial, the case is remanded to magistrate court for trial or for a preliminary hearing.

{16} Transfers of jurisdiction from one court to another and then back again are provided for by the rules of criminal procedure for each court. Under these rules, although a case is transferred to district court for a particular purpose, some jurisdiction is left in the original tribunal. Thus, the remands in these situations do not dispose of the case or result in a practical dismissal in one court or the other.

{17} In this case, once the nolle prosequi was filed, the magistrate court did not have jurisdiction over Defendant's trial either by having some remnants of the case left to decide or by remand as if an appeal to district court had occurred. Nor could the magistrate take jurisdiction by transfer of the case because there is no rule of criminal procedure that allows a remand under these particular facts, and Defendant has not alerted us to any authority which would permit such a procedure. Therefore, we hold that there was no jurisdiction in the magistrate court. The nolle prosequi terminated the case in magistrate court, and the district court order remanding the case was without effect and in essence operated as a dismissal of the district court charges against Defendant, thus triggering the State's right to appeal.

{18} Furthermore, our decision in *State v. Armijo,* 118 N.M. 802, 805, 887 P.2d 1269, 1272 (Ct.App.1994), supports our ruling. We noted in *Armijo* that the State has a constitutional right to appeal in circumstances not provided for in Section 39-3-3(B). *See id.* at 805, 887 P.2d at 1272. The New Mexico Constitution grants an absolute right to one appeal to any aggrieved party. *See* N.M. Const. art. VI, § 2. In *Armijo,* this Court found that the State was an "aggrieved party" and that a court's order prohibiting the attorney general from prosecuting the case presented a matter of grave importance that allowed this Court to immediately hear the appeal from that order. *Armijo,* 118 N.M. at 806, 887 P.2d at 1273.

{19} Similarly, in *State v. Aguilar,* 95 N.M. 578, 579, 624 P.2d 520, 521 (1981), the Supreme Court also allowed the State to appeal as an "aggrieved party." The Court stated that although the right of the State to appeal as an aggrieved party is not absolute in every situation, the State's strong interest in enforcing its statutes allowed the Court to hear the appeal. *See id.* Other cases also have recognized that the State, as an aggrieved party, may appeal a disposition contrary to law. *See Doe,* 95 N.M. at 92, 619 P.2d at 196 ("The State is aggrieved by a disposition contrary to law and may properly challenge such a disposition on appeal.");

*State v. Santillanes,* 96 N.M. 482, 486, 632 P.2d 359, 363 (Ct.App.1980), *rev'd on other grounds,* 96 N.M. 477, 632 P.2d 354 (1981).

{20} Likewise, here, we recognize a matter of grave importance in allowing the State to make good faith decisions on whether to charge a particular case in magistrate court or in district court. We also have a situation in which the district court, by refusing to hear the State's case and ordering a remand which was ineffective, may have entered a disposition contrary to law. Thus, we hold that given the State's great interest in having us address this issue and the fact that the State may lose the right to appeal if we allow the magistrate court to proceed with trial, we will reach the merits of the issue presented.

## B. Remand

{21} Both the district court and the magistrate court possess original concurrent jurisdiction over misdemeanor cases. *See State v. Muise,* 103 N.M. 382, 387, 707 P.2d 1192, 1197 (Ct.App.1985). Additionally, the DWI statutes, under which Defendant was charged, specifically provide that magistrate courts have concurrent jurisdiction with district courts to try first, second, or third offenders. *See* § 66-8-102(I). Moreover, a criminal defendant has no right to insist that his misdemeanor trial take place in magistrate court. *Muise,* 103 N.M. at 387, 707 P.2d at 1197. In *Muise,* this Court noted that to hold that a defendant has an absolute right to trial in magistrate court on misdemeanor charges would "deprive the district court of its constitutional investiture of original jurisdiction." *Id.*

{22} Prosecuting attorneys also have the discretion to choose in which court to bring a criminal action. *See State v. Riddall,* 112 N.M. 78, 83, 811 P.2d 576, 581 (Ct.App.1991) ("The prosecutor can choose to bring misdemeanor charges in district court ."); *see also Muise,* 103 N.M. at 387, 707 P.2d at 1197 ("[T]he state may elect to file a misdemeanor charge against a defendant in the district court rather than the magistrate court."). One limit, however, on a prosecuting attorney's charging decision is improper motive. "Prosecutors may ordinarily do what they wish—unless there is a bad reason for what they do, in which event

the court will supervise it in a way that might prevent the prosecution." *State v. Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. The rule is that defendants may raise the issue of improper motive by making a sufficient showing that the prosecuting attorney is not acting in good faith. *See id.* ¶ 14, 122 N.M. 831, 932 P.2d 1075. Once a defendant makes such a showing, the State must then demonstrate that its actions were legitimate. *See id.*

{23} In this case, Defendant raised the issue of the prosecuting attorney's bad motive through a motion to remand. During the motion hearing, Defendant presented statistics that all but three DWI cases were filed in magistrate court and not in district court for the 1995 year. Defendant did not have statistics for the current year. Defendant also argued that the magistrate judge had ruled against the State in a prior suppression motion concerning a DWI roadblock stop. Defendant appeared to suggest that the State feared an adverse ruling in this case, which caused the prosecuting attorney to refile the case in district court. Assuming that these arguments were sufficient to shift the burden to the prosecuting attorney to demonstrate his good faith in refiling the charges in district court, we hold that the State presented legitimate reasons for its actions. As explained by the prosecuting attorney, trying the case in district court at the outset would avoid duplication of efforts, conserve the State's resources, and promote judicial economy.

{24} Thus, we hold that the prosecuting attorney had a proper reason for his charging decision, unlike the prosecutors in our most recent decisions in *State v. Brule,* 1997–NMCA–073, 123 N.M. 611, 943 P.2d 1064, *cert. granted,* 123 N.M. 446, 942 P.2d 189 (1997), and *Bolton,* 1997–NMCA–007, 122 N.M. 831, 932 P.2d 1075. In *Brule,* the State failed to present any justification whatsoever for its charging decision even though we remanded the case for that specific purpose. *Brule,* 1997–NMCA–073, ¶ 14, 123 N.M. 611, 943 P.2d 1064. Additionally, unlike *Bolton,* in this case, there is no suggestion that the State was attempting to circumvent a rule or deny Defendant any rights recognized by law by filing the nolle prosequi and refiling DWI charges in district court. *See Bolton,* 1997–

NMCA–007, ¶ 15, 122 N.M. 831, 932 P.2d 1075.

{25} Moreover, we reject Defendant's contentions that the State dismissed the suit in magistrate court because the case was assigned to Judge Gillson who had previously ruled against the State on a suppression motion in a roadblock challenge. Magistrate Gillson's ruling in favor of a defendant in an unrelated roadblock case did not entitle Defendant to the same ruling. There has been no suggestion that the district court is less likely than the magistrate court to grant a motion to suppress. Therefore, we cannot say "the *substance* of [the prosecuting attorney's] conduct ... leaves no other impression than that he has deliberately engaged in game-playing with the rules, and has misused his discretionary powers to achieve a barred result." *State v. Ericksen,* 94 N.M. 128, 131, 607 P.2d 666, 669 (Ct.App.1980). As discussed previously, there is no rule preventing the prosecuting attorney from filing the charges in district court. Nor is there any assertion that the prosecuting attorney did so in order to circumvent a rule such as the six-month rule which, if the case were not filed in district court, would have barred prosecution of Defendant.

{26} Defendant further asserts that injustice will result if we reverse the district court's order to remand. Defendant alleges possible racial discrimination in the filing of the charges in district court. Defendant speculates that the district court judge could have believed that the State was only filing charges in district court against Native American defendants such as Defendant. These arguments alleging racial discrimination or prejudice were not raised in district court. There is no record or evidence supporting any of these allegations. Accordingly, Defendant's arguments on appeal are an improper basis in which to affirm the district court's order.

{27} We also disagree with Defendant's argument that the filing in district court deprived him of his right to a trial de novo on appeal. As noted before, Defendant has no right be tried in magistrate court rather than in district court. *See Muise,* 103 N.M. at 387, 707 P.2d at 1197. Furthermore, the DWI statutes specifically provide that a DWI trial may be brought in district court in the

first instance. *See* § 66–8–102(I). Defendant's constitutional right to be an appeal is satisfied by allowing him to appeal a conviction or adverse ruling to this Court.

{28} Finally, we address Defendant's argument that the district court has the inherent power to control its own docket and may have been doing so in dismissing this case. The power to control the cases on its docket is not the power to dismiss cases without cause, but the power to " 'supervise and control the movement of all cases on its docket from the time of filing through final disposition,' and to apply sanctions when reasonable efforts to manage the court's caseload have failed." *Ericksen,* 94 N.M. at 131, 607 P.2d at 669 (emphasis omitted) (citing *Birdo v. Rodriguez,* 84 N.M. 207, 501 P.2d 195 (1972)). The inherent power of district court judges to control their dockets includes the power to "[e]xpedit[e] the flow of cases through the courts, which includes taking appropriate action when prosecutors engage in sham procedures." *Ericksen,* 94 N.M. at 131, 607 P.2d at 669. Because we have held that there is no evidence to support the conclusion that the prosecuting attorney acted with an improper motive and because there is no assertion that the prosecuting attorney filed the charges against Defendant in district court to delay this case or manipulate the district court's docket, the argument that the district court could dismiss this case pursuant to its power to control its own docket seems particularly inappropriate. *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972); *Birdo,* 84 N.M. at 210, 501 P.2d at 198.

{29} Therefore, after considering Defendant's arguments, we hold that the trial court erred in refusing to exercise jurisdiction in this case and "remanding" the case for trial in magistrate court.

CONCLUSION

{30} We reverse and remand for the district court to proceed to hear this case.

{31} IT IS SO ORDERED.

BOSSON and ARMIJO, JJ., concur.