This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.             **No. A-1-CA-36996**

**RICK STALLINGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Rick Stallings appeals from his conviction for possession of a weapon by a jail inmate. This Court's calendar notice proposed to summarily affirm.

Defendant filed a memorandum in opposition to the proposed disposition and moved to amend the docketing statement with three additional issues. Not persuaded by Defendant's arguments, we affirm.

{2} Defendant continues to argue that he was subjected to double jeopardy when he was put on trial for the offense after he had already been subjected to a formal disciplinary sanction by the San Juan County Jail for the same conduct. [MIO 1] Defendant also moves to amend the docketing statement to add three issues: 1) whether he was denied effective assistance of counsel when his trial counsel ignored his asserted defense that the alleged shank was in fact a tool for opening restraints; 2) whether he was denied his right to waive counsel and represent himself after his trial counsel failed to pursue his defense; and 3) whether he was improperly ejected from the courtroom. [DS 1-2]

{3} The calendar notice proposed to conclude that double jeopardy was inapplicable because it bars a subsequent criminal prosecution for the same charge and the administrative sanction of solitary confinement that Defendant received as an inmate did not amount to a criminal prosecution. [CN 3-4] Defendant continues to argue that double jeopardy applies and asserts that the disciplinary measures taken by the jail constitute a criminal punishment. [MIO 20] Defendant acknowledges New Mexico courts have recognized that sanctions such as administrative segregation have

remedial, not punitive, purposes. [MIO 23] *See State v. Astorga*, 2000-NMCA-098, ¶ 3, 129 N.M. 736, 13 P.3d 468. Nevertheless, he asserts that the issue of whether long periods of solitary confinement constitute punishment has never been squarely addressed under the New Mexico Constitution. [Id.] Defendant also asserts that the threat of solitary confinement is a deterrence to prisoners engaging in prohibited behavior, making it more akin to a punitive measure since one purpose of punishment is deterrence. [Id.] *But see id*. ¶ 4 ("An administrative sanction may have incidental deterrent attributes while being primarily a remedial measure.").

{4}     *Astorga* recognizes that "the harm to society from criminal violations, even within a prison system, may not be adequately addressed by the expedited and remedial prison disciplinary process[,]" and holds that the forfeiture of good time credit does not implicate double jeopardy protections. *Id*. ¶¶ 3, 6. Similarly, we conclude that the circumstances in this case justified the state addressing punishment in an independent criminal proceeding, "regardless of what remedial sanctions prison management may or may not have imposed for its own ends." *Id*. ¶ 6. Thus, we are not persuaded by Defendant's arguments. *See id*. ¶ 7 (recognizing "that the federal circuit of which New Mexico is a part has long held that criminal judicial proceedings following administrative punishments imposed by prison officials do not violate the double jeopardy clause").

{5}     We further conclude that the issues with which Defendant seeks to amend the docketing statement are non-viable. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

{6}     Defendant asserts that he was denied effective assistance of counsel due to trial counsel's failure to assert his defense that the shank was not a weapon, but was in fact a tool for opening handcuffs and restraints. [MIO 1-2] "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). It appears that the shank described in evidence presented at trial falls squarely within the statutory definition of a deadly weapon, regardless of Defendant's asserted purpose for the honed eyeglass piece. *See*

NMSA 1978, § 30-1-12 (B) (1963) (defining deadly weapon as "any weapon which is capable of producing death or great bodily harm, including but not restricted to any types of daggers, . . . and all such weapons with which dangerous cuts can be given, . . . any kind of sharp pointed . . . bludgeons; or any other weapons with which dangerous wounds can be inflicted"). Therefore, it is unlikely that Defendant's asserted defense would have succeeded. *Cf. State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 (stating that trial counsel is not ineffective for the failure to make a motion that is not supported by the record). Refusing to pursue such a defense is a trial strategy that we will not second guess. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance.").

{7} Defendant also contends that he was denied his right to waive counsel and represent himself after his trial counsel failed to pursue his defense, and that he was improperly ejected from the courtroom. [MIO 1-2] It is clear from the detailed facts of the proceedings recited in the memorandum in opposition that the judge undertook every precaution possible to ensure that Defendant's desires to proceed pro se were recognized, that his rights were protected, and that both his written and oral continuous, yet inconsistent, intentions to proceed pro se were thoroughly considered

and discussed exhaustively at every turn. After Defendant's repeated requests to proceed pro se, followed by acquiescing to representation by appointed counsel, the judge gave Defendant the option of either representing himself, with trial counsel present in the audience, or to having appointed counsel represent him, without his presence in the courtroom, and Defendant chose the latter. [MIO 11] Given Defendant's clear and repeated indecisiveness, we cannot say it was error for the trial judge to limit Defendant's choices in order to move the trial forward without further disruption. *See State v. Ahasteen*, 1998-NMCA-158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (acknowledging trial court's inherent authority to control its docket and to take appropriate action to manage and expedite the flow of cases), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, ¶ 8, 148 N.M. 301, 236 P.3d 20; *see also Concha v. Sanchez*, 2011-NMSC-031, ¶ 21, 150 N.M. 268, 258 P.3d 1060 ("recognizing the indisputable authority of judges to compel obedience to their orders and to maintain the decorum and safety of their courtrooms").

{8}     We therefore conclude that the issues raised by Defendant's motion to amend are not viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537,

817 P.2d 730. Accordingly, we deny Defendant's motion to amend the docketing statement.

{9}     For all of these reasons, and those stated in this Court's calendar notice, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**EMIL J. KIEHNE, Judge**