2000 OK CIV APP 133

**GOSS FAMILY LIMITED PARTNER-SHIP, an Oklahoma limited partnership, Plaintiff/Appellee,**

v.

**Neil M. WOOD, an individual, Defendant/Appellant.**

No. 94,433.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 9, 2000.

Certiorari Denied Oct. 10, 2000.

Kandi Jepsen Pate, Oklahoma City, OK, for Appellant.

Gregg R. Renegar, Joan A. Renegar, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, Presiding Judge:

¶1 On October 10, 1977, Wayne N. Goss and Naomi N. Goss executed an oil and gas lease in favor. of Appellant, Neil M. Wood (Wood). The lease was prepared by Wood and is a form lease for the 20 acres in the Southeast Quarter of Section 24, Township 7 North, Range 9 West, Caddo County, Oklahoma (Section 24). Although Wood assigned the remainder of the lease to other individuals, he retained an undivided one-fourth interest in the lease. Wood and the other individuals drilled and completed the Graham 1–24 Well in Section 24 pursuant to the applicable oil and gas leases.

¶2 On October 7, 1987, Wood entered into a gas purchase contract with Southern Natural Gas Company (Southern). The gas contract was a take-or-pay gas purchase contract. Southern refused to purchase gas under the gas contract because the prices under the gas contract were higher than the current market prices. On November 1, 1987, Wood and Southern entered into a settlement agreement and release. In the settlement, Southern paid Wood $3,000 .00. In return, Wood agreed to terminate the gas contract. Wood also released Southern from any and all liabilities which might arise from Southern's refusal to perform under the gas contract. The $3,000.00 settlement payment was a non-refundable buy-out, where there was no duty by Wood to refund any amounts paid in settlement and no similar obligation on Southern to take any gas in the future for which it had made a settlement.

¶3 Appellee, Goss Family Limited Partnership (Goss), brought this action asserting Wood's failure to pay royalties from the take-or-pay settlement constituted a breach of the express and implied terms of the lease. Further, Goss asserted Wood was unjustly enriched when he retained the entire settlement. Goss filed a Motion for Summary Judgment. The trial court granted the Motion for Summary Judgment and awarded

Goss $562.50 plus pre-judgment interest. Wood appeals.

¶ 4 The dispositive issue on appeal is whether this matter is controlled by the holding in *Roye Realty & Developing Co. v. Watson*, 1996 OK 93, 949 P.2d 1208 *(Roye)*.[1] The trial court and Goss contend that the Oklahoma Supreme Court in *Roye* was not presented with the same scenario as in this matter because the Court did not have before it the settlement agreement and in actuality the issue in the case was the failure of the trial court to allow discovery of the settlement agreement. As a result, the trial court and Goss argue the pronouncement in *Roye* is inapplicable because the cases relied upon by the Court for its holding involved recoupable buy-downs and this case involves a non-recoupable buy-out. We disagree with this analysis.

¶ 5 In *Roye*, the Oklahoma Supreme Court discussed the settlement was a confidential settlement agreement and the parties had filed a protective order to prevent discovery which remained unresolved because the trial court had granted the gas producer's motion for summary judgment. The Oklahoma Supreme Court expressly stated that the issue in this matter was whether a royalty owner was entitled to a portion of a settlement between the purchaser and producer in take-or-pay litigation. The Court evaluated not only the parties' arguments but numerous amicus curiae briefs filed on this issue and discussed the various jurisdictions addressing this precise issue. After a thorough examination, the Oklahoma Supreme Court found that whether a royalty owner was entitled to a portion of the settlement proceeds was determined by the terms of the lease. The terms of the lease in the *Roye* case, and the lease before this Court, are substantially the same except for the percentages. The lease before us provides:

"To pay lessor for gas of whatever nature or kind (with all of its constituents) produced and sold or used off the premises or used in the manufacture of products therefrom, ³⁄₁₆ at the prevailing market price at the well at the date of first production, said

price to be adjusted annually to conform with the prevailing market price in the general area where land is located, for the gas sold, used off the premises or in the manufacture of products therefrom, said payments to be made monthly."

This lease language provides that Goss is entitled to royalties on gas produced and sold or used off the leased premises, or gas produced, saved and sold from the premises.

¶ 6 The Oklahoma Supreme Court expressly distinguished the lease in *Frey v. Amoco Production Co.*, 603 So.2d 166 (La.1992) which is relied upon by the trial court and Goss. The Court found that the lease in *Frey* contained the language "amount realized" and that language was the linchpin of the holding allowing royalty owners to receive a portion of the settlement proceeds. The Court made no distinction between recoupable and non-recoupable settlements, rather, the Court based its decision on the lease entered into by the parties finding that it was a judicial function to enforce a contract as it was written. The Court held that a royalty owner is not entitled to share in take-or-pay settlements unless it is clear from the four corners of the lease that the lessor is entitled to share in those proceeds. As the Court in *Roye*, we find no language in the lease which would ·entitle Goss to share in the settlement proceeds. Accordingly, the pronouncement in *Roye* is controlling and this matter is reversed and remanded for proceedings consistent with this opinion.

¶ 7 REVERSED AND REMANDED.

¶ 8 GARRETT J., and BUETTNER, J., concur.

---

1. The vote in the Pacific 2nd Reporter incorrectly shows the vote of the author of the opinion as dissenting. The original docket sheets show the author concurring in *his* opinion.