This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                          **NO. 27,647**

**DANA FLORES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

The State appeals from a pretrial order of the district court granting Defendant's motion to suppress the evidence. Although the State does not challenge the district court's ultimate legal determination to suppress, it nevertheless argues that "[t]he error in granting the suppression motion occurred as a result of the district court's erroneous exclusion of the out-of-court statements the arresting officer relied on to form his reasonable suspicion and probable cause." The State's position is that the out-of-court statements were relevant, not inadmissible hearsay, and that the district court wrongfully precluded the State from fully arguing its case and making a record. The State does not argue that consideration of the excluded evidence would have resulted in a denial of the motion to suppress, nor does the State list the evidence that it would have presented had the district court allowed it to make a record, nor does the State request that we reverse the district court. Rather, the sole remedy the State seeks on appeal is remand for a full and fair opportunity to present its case. This remedy is not available to the State under New Mexico law as applied to the facts of this case. Accordingly, we affirm.

## I.    BACKGROUND

Defendant was charged with aggravated driving while under the influence of alcohol. Prior to trial, Defendant filed a motion to suppress all evidence stemming from what she alleged was an unlawful arrest. Defendant claimed that the arrest was unlawful because there were no facts indicating that a misdemeanor offense occurred

2

in the presence of an officer. The State's position was that Defendant had not been initially arrested but instead that she was the subject of an investigatory detention for which reasonable suspicion existed.

At the hearing on the motion to suppress, Officer Robert Salazar testified on behalf of the State. Officer Salazar did not witness the accident, and much of his testimony was based on what he was told by dispatch. The facts surrounding Officer Salazar's testimony and the objections made therein are discussed more fully in conjunction with the issues below.

The district court ruled that the stop was an arrest and not an investigatory detention. The State appeals.

**II.    STANDARD OF REVIEW**

Citing to *State v. Rivera*, 2008-NMSC-056, ¶ 10, 144 N.M. 836, 192 P.3d 1213, the State argues that we review the evidentiary rulings in this case under a de novo standard. *Rivera*, however, deals with a violation of the confrontation clause, an issue not present in this case. Defendant asserts that the proper standard for evidentiary questions is abuse of discretion, and we agree. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 ("We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse."). Additionally, we observe that this appeal deals with evidentiary rulings in the context of a motion to suppress.

3

## III. DISCUSSION

The narrow scope of this opinion is based on the limited arguments made by the State. In its docketing statement, the State raised issues that challenged the district court's legal conclusion that the officer did not have probable cause to arrest Defendant. On the general calendar, however, the State has failed to brief these issues.

We agree that on the first page of the State's brief in chief, there is some general language that might be interpreted as requesting reversal based on evidentiary error: "[t]he error in granting the suppression motion occurred as a result of the district court's erroneous exclusion of the out-of-court statements the arresting officer relied on to form his reasonable suspicion and probable cause." The State's briefs do argue that the out-of-court statements were admissible. However, instead of arguing that had the statements been admitted, the district court should have properly denied the motion, the State argues that the erroneous exclusion of evidence precluded the State from fully arguing its case and making a record. As a remedy, the State requests remand. There is no challenge to the district court's ultimate legal determination to suppress. "[The appellant's] arguments on appeal frame our analysis." *State v. Lucero*, 2007-NMCA-127, ¶ 12, 142 N.M. 620, 168 P.3d 750. As a result, the State has abandoned any legal argument it may have indicating that the facts—be they presented or excluded—would establish a lawful arrest. *See State v. Cearley*,

4

2004-NMCA-079, ¶ 7, 135 N.M. 710, 92 P.3d 1284 ("Once a case is assigned to the general calendar, the appellant must brief all the issues that he or she wishes the court to review. . . . issues listed in the docketing statement but not briefed are deemed abandoned."). We begin with the claimed error.

**Evidentiary Error**

The portions of the officer's testimony that the State argues were erroneously excluded were (1) the officer's statements relaying the information given to him by dispatch; (2) the officer's testimony that Defendant's male companion, Mr. Griego, identified Defendant as the driver of the vehicle involved in the accident; and (3) the officer's testimony describing the statements made by an eye witness, Ms. Shiley, about the accident.

While there is disagreement as to the extent of the excluded evidence, we agree with the State that to the extent certain statements by Officer Salazar were excluded as inadmissible hearsay or as irrelevant, such evidentiary rulings were error. *See Rivera*, 2008-NMSC-056, ¶¶ 15-16 (stating that "[a]t a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial," and noting that the Confrontation Clause does not apply at a pretrial hearing to prohibit the State from introducing hearsay statements of an informant); *see also* Rule 11-801(C) NMRA ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to

5

prove the truth of the matter asserted."); Rule 11-401 NMRA ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Martinez*, 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894 (stating that the district court is not bound by the rules of evidence when deciding pretrial admissibility questions, except rules concerning privileges, and may consider hearsay to establish preliminary facts).

However, we do not end our analysis with our holding that the district court improperly excluded this evidence. We must evaluate the consequences of the error.

**No Prejudice**

As we have explained, the State has not argued that the excluded facts would have supported a denial of the motion to suppress. While the State has demonstrated error in evidentiary rulings, it has failed to show that correcting them would change the result. *See In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) ("On appeal, error will not be corrected if it will not change the result."). We do not examine evidentiary rulings in isolation; we evaluate the impact the rulings have had on a case. Even with all of the constitutional protections afforded criminal defendants, we will nevertheless refuse to reverse erroneous evidentiary rulings where the defendant has not demonstrated prejudice. *See, e.g.*, *State v. Glasgow*, 2000-NMCA-076, ¶ 14, 129 N.M. 480, 10 P.3d 159 (stating that "even if the

6

evidentiary rules are not properly applied, the right to a fair trial is not impaired unless the defendant can show prejudice").

Instead of explaining why the officer's full testimony would have changed the result, the State simply asserts that suppression was granted because of the evidentiary rulings and its inability to make a record and argues that it should be given another opportunity to present its case. The State, however, fails to detail what caused its inability to make a record and, further, what testimony it expects to be presented that would require a denial of the motion to suppress. "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. Without this showing, there is no reversible error. *See State v. Bonham*, 1998-NMCA-178, ¶ 24, 126 N.M. 382, 970 P.2d 154 (holding that because the defendant asked us to presume, but did not show, that the prosecutor's improper question changed the outcome of the case, there was no reversible error), *abrogated on other grounds by State v. Traeger*, 2001-NMSC-022, ¶¶ 19-26, 130 N.M. 618, 29 P.3d 518.

**Remedy Requested and Due Process**

In this case, the State does not request reversal of suppression for the existence of probable cause, but instead requests remand for a full and fair opportunity to present its argument and the facts. This remedy seems to presume the right to due

7

process. The State does not possess this constitutional right. *See* N.M. Const., Art. II, § 18. Rather, it is Defendant who is tried by the State, and it is she who enjoys that protection. Here, the State seeks reversal for the process afforded it without possessing the right to due process and without attempting to establish prejudice. Further, the State appears to contend that it can obtain relief from the erroneously excluded testimony without arguing that the excluded testimony would have established a lawful arrest. The State provides this Court with no support for such a position. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists and need not review it).

**Effect of the State's Position on Appeal**

The State stops short of attacking the merits of suppression and only seeks remand based on a review of the evidentiary rulings. The specific errors the State asks us to correct are in the nature of sub-interlocutory review of evidentiary rulings made within a pretrial hearing. Such interlocutory review is not given as a matter of right. *Cf. State v. Griego*, 2004-NMCA-107, ¶¶ 3, 5-6, 136 N.M. 272, 96 P.3d 1192 (holding that the state did not have the statutory right to appeal the district court's order denying the state's motion in limine to prevent Griego from impeaching the state's witness by using extrinsic evidence of conduct). In *Griego*, we denied the State the right to appeal where the appeal did not conform procedurally or substantively to the

8

statutory right to seek review from orders suppressing or excluding evidence. *Id.* ¶ 6. Similarly, in this case, the State's appeal is based on the district court's evidentiary rulings at the suppression hearing, rather than the district court's ultimate legal conclusion to suppress the evidence. To illustrate our concern with the interlocutory nature of the review that the State seeks, we note that if we were to reverse and grant the State another suppression hearing, it could appeal again and raise the same issues against suppression that it raised in the docketing statement, which could have been raised at this stage in its briefs. It is a strong and well-established policy that we disfavor such piecemeal review. *See, e.g.*, *State v. Heinsen*, 2005-NMSC-035, ¶ 14, 138 N.M. 441, 121 P.3d 1040 (refusing to permit an immediate appeal of a magistrate court ruling suppressing evidence, stating that "[t]he purpose of finality is to prevent piecemeal appeals"); *see also Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶¶ 8, 11, 125 N.M. 78, 957 P.2d 63 (noting the judicial economy involved in reserving related and material issues for future determination and emphasizing the "strong policy in New Mexico disfavoring piecemeal appeals" (internal quotation marks and citation omitted)).

We also note that the Legislature's allowance for an interlocutory appeal from a district court's order of suppression is not automatic; it is permitted only where "the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the

9

proceeding." NMSA 1978, § 39-3-3(B)(2) (1972). There is no such certification in the record. Because certification would have most likely been properly accepted in this case, however, we overlook this defect. In the future, the State should follow its obligations under the statute more closely.

At this point, we are more concerned with how the present structure of the State's appeal meets the requirements of Section 39-3-3(B)(2). In its docketing statement, the State did challenge the district court's granting of the motion to suppress. Section 39-3-3(B)(2) allows interlocutory appeals of motions to suppress. Now, however, the State is not requesting that we reverse the denial of the motion to suppress but rather that we remand the matter for presentation of additional evidence. Because we are denying the relief requested by the State and because the parties have not briefed the suppression issue, we will leave consideration of that question until another day.

**IV. CONCLUSION**

On the narrow basis explained above, we affirm the district court's order of suppression.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

10

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**TIMOTHY L. GARCIA, Judge**