This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 34,539**

**RENE PENA, a/k/a**
**RENE PENA-CHAVEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} The State seeks to appeal from the order allowing Defendant to withdraw his plea. Relying on *State v. Griego*, 2004-NMCA-107, 136 N.M. 272, 96 P.3d 1192, we proposed to dismiss the State's appeal for lack of a final order. *See id.* ¶ 1 (holding that an order allowing the defendant to withdraw his plea does not constitute a final order from which the State may appeal and dismissing the appeal for lack of jurisdiction to consider it). The State filed a memorandum in opposition, which we have duly considered. We are not persuaded by the State's arguments and therefore affirm.

{2} In its memorandum in opposition, the State asserts that it is an "aggrieved party" under the New Mexico Constitution and may appeal from the district court's order allowing Defendant to withdraw his guilty plea. [MIO 2-6] *See State v. Castillo*, 1980-NMCA-020, ¶ 4, 94 N.M. 352, 610 P.2d 756 ("An aggrieved party is one whose personal interests are adversely affected by an order of the court."). The State argues that if Defendant had been sentenced and filed a post-sentence motion to withdraw his guilty plea for alleged ineffective assistance of counsel based on his allegations that he had not been advised of the potential adverse immigration consequences of his plea, the State would have had the right to appeal, pursuant to Rule 5-803(I) NMRA. [MIO 3-5] *See generally* Rule 5-803 (governing petitions for post-sentence relief). The State further argues that the reason that Defendant had not been sentenced in this

case was due to Defendant's criminal act of failing to appear and Defendant should not be able to obtain a "windfall" due to his bad actions. [MIO 4-5] According to the State, Defendant will receive a windfall if it is not permitted to appeal because the State's case is "stale" and it is unable to proceed to trial in this case. [MIO 5]

{3} While the State acknowledges that this Court determined that the doctrine of practical finality did not apply in *Griego* because the charges against the defendant were not dismissed, the State attempts to distinguish the facts in *Griego* from the facts in the present case by asserting that the defendant in *Griego* withdrew his plea five months after entering the plea whereas here, Defendant caused an intentional eight-year period of delay by failing to appear for sentencing. [MIO 5-6] Ultimately, the State argues that it is an "aggrieved party" and has a right to appeal in this case, because to conclude otherwise would be unjust. [MIO 6]

{4} "We recognize that our constitution guarantees the State's right to appeal a disposition that is contrary to law if the State is aggrieved by that disposition." *Griego*, 2004-NMCA-107, ¶ 21. However, as we stated in our calendar notice, "the State's interest in enforcing plea agreements and the State's ability to proceed to trial after a significant lapse of time are not compelling enough to justify an exception to the final judgment rule" because "[t]he State's assertion has no factual basis in the record." *Id.* "Without a factual basis in the record, the State's bare assertions of prejudice give us

3

no reason to find such a substantial interest so as to create an exception to our rule requiring appeals be taken only from final orders." *Id.*

{5}     For the reasons stated in our notice and in this opinion, we affirm.

{6}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**M. MONICA ZAMORA, Judge**

4