This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PHILLIP ORTEGA,**

    Plaintiff-Appellant,

v.                             **NO. 34,554**

**GERALDINE C. JOHNSON, FIELD CLAIMS REPRESENTATIVE and FARMERS INSURANCE COMPANY OF ARIZONA,**

    Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Phillip Ortega
Santa Fe, NM

for Appellant

O'Brien & Ulibarri, P. C.
Daniel O'Brien
Justin D. Goodman
Albuquerque, NM

for Appellees

**MEMORANDUM**

**ZAMORA, Judge.**

**{1}** Plaintiff is appealing, pro se, from a district court order denying his motion for entry of a default judgment, an order dismissing his complaint without prejudice, and permitting him to amend his complaint. We issued a calendar notice proposing to dismiss for lack of finality. Plaintiff has responded with a memorandum in opposition. We dismiss the appeal.

**{2}** "[O]ur appellate jurisdiction is limited to review of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights." *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (alteration, internal quotation marks, and citation omitted)). An appellate court does not have jurisdiction when a final judgment has not been entered. *See, e.g.*, *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered); *State v. Garcia*, 1983-NMCA-017, ¶¶ 29-30, 99 N.M. 466, 659 P.2d 918 (same). When an appellate court does not have jurisdiction, it must dismiss. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268.

**{3}** This Court has previously held that an order dismissing a civil complaint without prejudice is not a final, appealable order. *Montoya v. Anaconda Mining Co.*, 1981-NMCA-113, ¶ 12, 97 N.M. 1, 635 P.2d 1323. In this case, Plaintiff had filed his

notice of appeal prior to the entry of the order of dismissal. [RP 34] Normally, a prematurely filed notice of appeal would be considered to be timely filed on the date of the entry of the final order. *See* Rule 12-201(A) NMRA. However, in this case, the district court apparently believed that the filing of the premature notice of appeal divested the district court from taking any additional action. *But see Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 32, 113 N.M. 231, 824 P.2d 1033 (noting that district courts retain jurisdiction to perfect appeal). As a result, the district court's order of dismissal without prejudice gave Plaintiff thirty days to amend his complaint, with the period to commence upon remand from this Court. [RP 40] Because that language renders the order of dismissal non-final (because the thirty day period has yet to commence), we dismiss this appeal.

{4}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**

3