This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARC GRANO, as Personal**
**Representative of the ESTATE OF**
**ROBERTO MAGDALENO, and**
**LAURA CEJA, Individually and as**
**Parent and Guardian of**
**CHRISTIAN ANDRADE CEJA AND**
**BRANDON ANDRADE CEJA,**

     Plaintiffs-Appellants,

v.                                                                    **No. A-1-CA-37329**

**RKI EXPLORATION AND**
**PRODUCTION, LLC,**

     Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Sarah C. Backus, District Judge**

Wray & Girard, PC
Katherine Wray
Albuquerque, NM

for Appellant

Chapman and Priest, P.C.
Ada B. Priest
Mitchell J. Freedman
Albuquerque, NM

Holland & Hart LLP
Larry J. Montaño
Julia Broggi
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiffs are appealing from a judgment, entered after a jury verdict, dismissing Plaintiffs' claims against Defendant RKI Exploration and Production, LLC. [RP 3678, 4046] We issued a calendar notice proposing to dismiss for lack of a final order. Plaintiffs have filed a memorandum in opposition, which we find unpersuasive. Accordingly, we dismiss.

**{2}** "[O]ur appellate jurisdiction is limited to review of 'any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights.' " *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (alteration, internal quotation marks, and citation omitted). An appellate court does not have jurisdiction when a final judgment has not been entered. *See, e.g.*, *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered);

2

*State v. Garcia*, 1983-NMCA-017, ¶¶ 29-30, 99 N.M. 466, 659 P.2d 918 (same). When an appellate court does not have jurisdiction, it must dismiss. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268.

{3}     As indicated, Plaintiffs filed a notice of appeal from a July 31, 2017, judgment, entered after a jury verdict, dismissing Plaintiffs' claims against Defendant RKI Exploration and Production, LLC. [RP 3678, 4046] However, as the district court noted in its order denying a motion for summary judgment brought by other Defendants, there are pending cross-claims in this case. [RP 4153] Accordingly, our calendar notice proposed to hold that the July 31, 2017 judgment and subsequent order denying a new trial are not considered final pursuant to Rule 1-054(B) NMRA. {4}

        Plaintiffs argue that the cross-claims are indemnification claims for reimbursement of attorney fees, and therefore should not affect finality. [MIO 12] However, our Supreme Court has held that attorney fees in an indemnification action are equivalent to damages and that a pending fees claim in such cases deem any appeal to be premature. *See Principal Mut. Life Ins. Co. v. Straus*, 1993-NMSC-058, ¶¶ 10-11, 116 N.M. 412, 863 P.2d 447. We also are not persuaded by Plaintiffs' claim that the district court implicitly certified finality, because it chose to hold off addressing the cross-claims until this appeal was resolved. [MIO 12] There is no

indication that the district court actually addressed the Rule 1-054(B) issue on the merits. In light of our analysis, we do not deem it necessary to address arguments made with respect to independent grounds for rendering this matter non-final. [MIO 13]

{5}    For the reasons set forth above, we dismiss the appeal.

{6}    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**J. MILES HANISEE, Judge**