This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40061

**JUANITA ROIBAL BRADLEY,**

Worker-Appellee,

v.

**WORKERS COMPENSATION ADMINISTRATION AND STATE RISK MANAGEMENT,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
Anthony "Tony" Couture, Workers' Compensation Judge

Gerald A. Hanrahan
Albuquerque, NM

for Appellee

Paul L. Civerolo
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Employer appeals from a compensation order awarding Worker benefits. We issued a calendar notice proposing to dismiss. Employer has responded with a memorandum. We dismiss the appeal.

**{2}** As explained in our notice, an appellate court does not have jurisdiction when a final judgment has not been entered. *See, e.g., State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered); *State v. Garcia*, 1983-NMCA-017, ¶¶ 29-30, 99 N.M. 466, 659 P.2d

918 (same). "The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Zuni Indian Tribe v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 2013-NMCA-041, ¶ 16, 300 P.3d 133 (internal quotation marks and citation omitted).

{3}    In the current case, Worker filed a complaint that included claims pursuant to NMSA 1978, Section 52-1-28.1 (1990), for unfair claims processing and bad faith actions. [RP 284, 287] The order appealed from expressly reserved the Section 52-1-28.1 claims for later disposition. [RP 457, 459] Accordingly, our calendar notice proposed to dismiss the appeal. *See* Rule 1-054(B) NMRA; *Kellewood v. BHP Minerals Int'l*, 1993-NMCA-148, ¶ 5, 116 N.M. 678, 866 P.2d 406 (stating that an order is not final and appealable when a claim for benefits is pending before the Administration).

{4}    In its memorandum, Employer acknowledges the lack of finality but indicates that it does not want to waive any challenges should we ultimately conclude that the order is in fact final. Because we deem the order appealed to be nonfinal, Employer's waiver concern is not at issue, and we dismiss the appeal.

{5}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**