The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: February 12, 2026

**NO. S-1-SC-40418**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**BRYLAND SKEETS,**

Defendant-Appellee.

**INTERLOCUTORY APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. DePauli Jr., District Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter M. Hart III, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**ZAMORA, Justice.**

{1}     Defendant Bryland Skeets was charged with an open count of murder and conspiracy to commit first-degree murder. After a preliminary hearing, the district court found that the charges were not supported by probable cause. The State appeals to this Court.

{2}     Defendant argues that we lack jurisdiction to decide the State's appeal of the no probable cause finding. The State argues that jurisdiction is appropriate under NMSA 1978, Section 39-3-3(B)(1) (1972). Section 39-3-3(B)(1) provides, "In any criminal proceeding in district court an appeal may be taken by the state to the [S]upreme [C]ourt or [C]ourt of [A]ppeals, as appellate jurisdiction may be vested by law in these [C]ourts . . . within thirty days from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts."

{3}     We conclude that we lack jurisdiction. Under this Court's unchallenged precedent, *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040, Section 39-3-3(B)(1) applies only to final orders. The district court's order discharging Defendant for lack of probable cause to support the State's charges is not a final, appealable order because the State has recourse other than an appeal: it may refile the charges by criminal information or bring the charges before a grand

jury. Nor does the district court's order invoke the doctrine of practical finality because the probable cause issue raised by the State is not unreviewable as a practical matter. The State can simply refile the charges.

{4}     Because we lack jurisdiction to hear this case, we do not address the merits of the State's other arguments and dismiss this appeal.

## I.     BACKGROUND

{5}     Defendant was charged in connection with a stabbing at a gas station in Gallup, New Mexico, on February 4, 2023, which resulted in the death of Shawn Kinlicheenie. On February 6, 2023, the State filed a criminal complaint in magistrate court against Defendant, charging him with open counts of murder and conspiracy to commit first-degree murder. Two days later, the magistrate court transferred the case to district court, which became the court of record.

{6}     After a March 3, 2023, preliminary hearing, the district court found that Defendant's charges were not supported by probable cause. Three days later, the district court filed an order restating the finding of no probable cause and discharging Defendant from both counts.

{7}     On March 15, 2023, the State appealed to our Court of Appeals, which requested transfer to this Court pursuant to *State v. Smallwood*. *See* 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 (stating that the Legislature intended the New

Mexico Supreme Court "to have jurisdiction over interlocutory appeals in situations where a defendant may possibly be sentenced to life imprisonment or death"). We accepted transfer on June 10, 2024.

## II.   DISCUSSION

{8}   The State argues there was probable cause to support the charges against Defendant and that the appropriate standard of review of a district court's finding of no probable cause is de novo. In response, Defendant argues that the State had no right to appeal the district court's probable cause finding and, therefore, this Court is without jurisdiction to decide this case. The State counters that Section 39-3-3(B)(1) establishes jurisdiction for the State's appeal under the facts of this case.[1] We conclude that we do not have jurisdiction under Section 39-3-3(B)(1) because that statute applies to final orders, and the district court's order is neither final nor invokes the doctrine of practical finality. We explain below.

---

[1]The State does not argue that jurisdiction was established under Article VI, Section 2 of the New Mexico Constitution; accordingly, we limit our jurisdictional analysis to Section 39-3-3(B)(1). *See* N.M. Const. art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal."); *State v. Heinsen*, 2005-NMSC-035, ¶ 21, 138 N.M. 441, 121 P.3d 1040 (stating that the state has a right to appeal from non-final orders under Article VI, Section 2 of the New Mexico Constitution where the state's interest is "significant" and where the "district court order affect[s] an important state right").

## A.  Standard of Review

{9}   We review questions of jurisdiction and statutory interpretation de novo. *Heinsen*, 2005-NMSC-035, ¶ 6 (stating that we review questions of jurisdiction de novo); *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868 (stating that we review questions of statutory construction de novo).

## B.  Section 39-3-3(B)(1) Does Not Vest This Court with Jurisdiction to Review the District Court's Order

{10}   A preliminary hearing is a judicial proceeding "at the threshold of [a] criminal prosecution at which guilt or innocence is not definitively determined." *State v. Ayon*, 2023-NMSC-025, ¶ 17, 538 P.3d 66. The primary purpose of a preliminary hearing is to determine whether the state has met its constitutional burden to demonstrate probable cause before bringing a defendant to trial for a serious criminal offense. *Id.* ¶¶ 16-17; *see also State v. Lopez*, 2013-NMSC-047, ¶ 2, 314 P.3d 236 ("Under Article II, Section 14 of the New Mexico Constitution, a defendant may not be brought to trial for a serious criminal offense unless there first has been a determination of probable cause, either by a grand jury or by a judge at a preliminary examination."). The preliminary hearing "operates as a screening device to prevent hasty and unwise prosecutions and to save an innocent accused from the humiliation and anxiety of a public prosecution." *State ex rel. Whitehead v. Vescovi-Dial*, 1997-

NMCA-126, ¶ 6, 124 N.M. 375, 950 P.2d 818; *see also Ayon*, 2023-NMSC-025, ¶ 24 (quoting the *Vescovi-Dial* Court's reasoning with approval).

{11} The statute at issue—Section 39-3-3(B)(1)—provides that the state may appeal in a criminal case "from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts." Under the established precedent of this Court, this statute applies to final orders. *Heinsen*, 2005-NMSC-035, ¶ 8 ("Section 39-3-3(B) recognizes the [s]tate's right to appeal from final orders of the district court."); *see also State v. Benedict*, S-1-SC-39240, dispositional order ¶ 7 (N.M. Aug. 29, 2024) (nonprecedential) ("[G]enerally, an appellate court can only review final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights." (internal quotation marks omitted) (quoting *State v. Ahasteen*, 1998-NMCA-158, ¶ 10, 126 N.M. 238, 968 P.2d 328, *abrogated on other grounds by, State v. Savedra*, 2010-NMSC-025, ¶¶ 3, 8, 148 N.M. 301, 236 P.3d 20)).[2]

---

[2]We do not ordinarily cite nonprecedential opinions or orders, such as the *Benedict* dispositional order. We do so in this opinion, however, because both parties in this case make argument on the basis of that recent order, which—like this opinion—addresses Section 39-3-3(B)(1) and arose from the state's appeal of a district court finding of no probable cause.

{12} The State argues that this Court has jurisdiction to review the district court's order under the plain language of Section 39-3-3(B)(1), which provides that a district court order "dismissing a complaint . . . as to any one or more counts" may be appealed. The order at issue "discharged" Defendant with regard to both counts for lack of probable cause; this, contends the State, is a dismissal for the purpose of Section 39-3-3(B)(1). But the State does not challenge our conclusion in *Heinsen* that Section 39-3-3(B)(1) applies to final orders; in fact, the State does not address or even cite *Heinsen*. We decline to revisit our established precedent. The determinative question, therefore, is whether the district court's order is a final order for the purpose of Section 39-3-3(B)(1).

{13} We conclude that it is not. "As a general rule, an order or judgment is not considered final unless it resolves all of the factual and legal issues before the court and completely disposes of the case." *Heinsen*, 2005-NMSC-035, ¶ 14. In this case, as in *Benedict*, the record does not establish—nor does the State argue—that it is foreclosed "substantively or procedurally from the options of 1) filing a new criminal information . . . or 2) pursu[ing] a grand jury indictment." *Benedict*, S-1-SC-39240, dispositional order ¶ 8; *see also Herrera v. Sanchez*, 2014-NMSC-018, ¶ 14, 328 P.3d 1176 ("To obtain [the neutral determination of probable cause required to prosecute a felony], the district attorney may either present the case to a grand jury

and seek an indictment or proceed with a preliminary examination before a judge and file a criminal information if the judge finds probable cause to prosecute."); Rule 5-201 NMRA (providing that the state may commence a prosecution by filing a complaint, an information, or an indictment). There is no double jeopardy bar preventing the State from refiling the charges in this case. *See State v. Baca*, 2015-NMSC-021, ¶ 46, 352 P.3d 1151 ("Constitutional jeopardy attaches in a jury trial when a jury is impaneled and sworn to hear a case and in a bench trial when the trial judge first starts hearing evidence."). The district court's order has not completely disposed of the case because the State has numerous available options to restart the nascent prosecution of either or both charges at the district court level. Because the district court's order has not completely disposed of the case, it is not final. *See Heinsen*, 2005-NMSC-035, ¶ 14.

{14}    The State argues in the alternative that, "were this case not to come within the plain 'dismissing' language of Section 39-3-3(B)(1)," then "the doctrine of practical finality . . . would provide appellate jurisdiction." We disagree. The practical finality doctrine is an "exception to the final judgment rule" that we apply "cautiously, in limited circumstances." *Heinsen*, 2005-NMSC-035, ¶¶ 1, 15. The doctrine applies where "an order effectively disposes of the issues in a case, even though supplementary proceedings are necessary to enforce the order" and—more relevant

here—"where, as a practical matter, the issue raised on appeal will not be available for review if the state is deprived of an immediate appeal." *Id.* ¶ 15 (internal quotation marks and citation omitted).

{15}     The State contends that we applied the wrong practical finality standard—a civil rather than a criminal standard—in the *Benedict* dispositional order, and that the correct standard is whether an order is "a concluding decision that ends the life of the case before the court." Under that standard, argues the State, the order is practically final. But, unlike *Heinsen*, the three cases on which the State primarily relies to develop its practical finality standard are from the Court of Appeals: *State v. Griego*, 2004-NMCA-107, 136 N.M. 272, 96 P.3d 1192; *State v. Ahasteen*, 1998-NMCA-158; and *State v. Armijo*, 1994-NMCA-136, 118 N.M. 802, 887 P.2d 1269. Those cases predate *Heinsen*, on which we rely for the practical finality standard above and which also undergirds *Benedict*. Moreover, *Heinsen* is a criminal case decided by this Court and therefore precedential. Because *Heinsen* controls, we reject the practical finality standard proposed by the State and abrogate *Griego*, 2004-NMCA-107; *Ahasteen*, 1998-NMCA-158; and *Armijo*, 1994-NMCA-136, inasmuch as they conflict with our holding in this case.

{16}     Under the appropriate standard from *Heinsen*—which is whether a court's decision effectively disposes of the issues in a case—the order of the district court

is not practically final. *See* 2005-NMSC-035, ¶ 15. As discussed above, the district court's probable cause determination is not practically final because the State can refile the charges and again present evidence of probable cause at a preliminary hearing or to a grand jury.

{17} This case is somewhat similar to *Heinsen*. We held in *Heinsen* that the practical finality exception did not apply to the state's appeal of a magistrate court suppression order because by dismissing "some or all of the charges in the magistrate court . . . and refiling in the district court for a trial de novo," the state had the opportunity to start the case over and again present its evidence. 2005-NMSC-035, ¶ 1. We have found an issue practically final when the state would be precluded from continuing prosecution, thereby ending judicial review of an issue. *See Collado v. N.M. Motor Vehicle Div.*, 2005-NMCA-056, ¶¶ 1-6, 137 N.M. 442, 112 P.3d 303 (explaining that the doctrine of practical finality provided appellate jurisdiction to review a remand order because the outcome of the proceedings in the magistrate court—conviction or acquittal—could preclude future consideration of the issues raised by the Motor Vehicle Division in its appeal). Here, because the State can refile and seek a probable cause finding by obtaining a new preliminary hearing or bringing the case before a grand jury, the issue is not practically final. We decline to apply the practical finality exception to the order of the district court.

{18} We note that the State's proposed alternative rule—that it can appeal a district court finding of no probable cause even where it has alternative options to obtain a neutral determination of probable cause—would lead to significant delay in the administration of justice. This very case provides a clear illustration of the delay caused by taking the appellate path to review findings of no probable cause. The alleged homicide was committed on February 4, 2023. The district court issued its order finding that the charges against Defendant were unsupported by probable cause on March 6, 2023, and the State appealed on March 15, 2023. Had the State filed a new criminal information, the district court would have been required to hold a preliminary hearing within ten days of that filing if Defendant was in custody, and sixty days if not in custody. Rule 5-302(A)(1) NMRA. Instead, it is now approximately three years since the State filed its appeal. Delay runs counter to a core purpose of a preliminary hearing, which is to screen out "hasty and unwise prosecutions and to save an innocent accused from the humiliation and anxiety of a public prosecution." *Ayon*, 2023-NMSC-025, ¶ 24. Moreover, this significant delay at the outset of a prosecution is a disservice to both the state and defendants—i.e., a disservice to the interests of justice—because the delay compromises the availability and recollection of witnesses. The State offers no compelling reason why the appellate path is preferable to a readily available, more efficient, alternative path for

a probable cause determination. We conclude that the better path is the one which serves the timely administration of justice.

{19}     We are not alone in this approach. For example, the Supreme Court of Idaho declined to "allow[] appeals from a dismissal of a complaint" when interpreting a state rule that provided for an appeal to the district court from a magistrate's "'order granting a motion to dismiss a complaint.'" *State v. Ruiz*, 678 P.2d 1109, 1110-11 (Idaho 1984) (citation omitted); *see also State v. Loomis*, 201 P.3d 1277 (Idaho 2009). Reasoning that the state "could have simply filed another complaint with another magistrate, in effect having its assertion of error resolved in a new preliminary hearing," it rejected the state's proposed approach, which would have entailed "unjustifiable delay" and increased appellate caseloads. *Ruiz*, 678 P.2d at 1110.

{20}     The Supreme Court of Minnesota took a similar approach when it interpreted a state statute providing that "[i]n criminal cases the state may appeal . . . [f]rom an order, the substantive effect of which is to dismiss an indictment, information or complaint." *State v. Maki*, 192 N.W.2d 811, 811 (Minn. 1971) (internal quotation marks and citation omitted). It held that the provision was "intended to give the state the right to appeal under circumstances where the order appealed from *effectively defeats or prevents successful prosecutive action against the defendant*," and not to

provide the state "the right to appeal every time a magistrate dismisses a complaint." *Id.* at 812 (emphasis added). The *Maki* court further reasoned that the magistrate's dismissal of the complaint at issue was not subject to immediate appeal because the prosecution could pursue the charges by "presenting [the charges] to another magistrate or . . . to a grand jury for indictment." *Id.* at 812. Although *Ruiz* and *Maki* interpreted slightly different provisions of law than Section 39-3-3(B)(1), the approach of those courts is clearly congruent with ours.

{21} In sum, we conclude that the order of the district court appealed to us by the State is neither final nor practically final, and therefore Section 39-3-3(B)(1) does not provide us with jurisdiction to decide the merits of the appeal.

**III. CONCLUSION**

{22} For the reasons stated, we hold that we lack jurisdiction to hear this case and, accordingly, dismiss this appeal. We abrogate *Griego*, 2004-NMCA-107; *Ahasteen*, 1998-NMCA-158; and *Armijo*, 1994-NMCA-136, inasmuch as they conflict with our holding in this case.

{23} **IT IS SO ORDERED.**

_____

**BRIANA H. ZAMORA, Justice**

**WE CONCUR:**

_____
**DAVID K. THOMSON, Chief Justice**

_____
**MICHAEL E. VIGIL, Justice**

_____
**C. SHANNON BACON, Justice**

_____
**JULIE J. VARGAS, Justice**